UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN BOWENS,<br>Plaintiff,<br>v.<br>GAMESTOP, INC.,<br>Defendant. | Case No. 2:26-cv-0260-JDP<br><br>ORDER |

Plaintiff filed this class action employment discrimination case against his former employer, defendant Gamestop, Inc. After this case was removed, defendant filed a motion to compel arbitration, which is pending before the court. For the reasons discussed below, defendant's motion is granted, and this case is stayed pending resolution of arbitration.

## Procedural History

On May 23, 2025, plaintiff filed a class action case in Solano Superior Court. ECF No. 12 at 7. He filed his first amended complaint and representative action complaint on July 15, 2025. *Id.* Defendant removed on August 14, 2025. *Id.* at 25. In the amended complaint, plaintiff alleges four causes of action: (1) violation of California Labor Code § 226.7 for failure to provide rest breaks; (2) violation of California Labor Code § 226 for failure to provide accurate itemized wage statements; (3) violation of California Business and Professions Code § 1700, *et seq.*, for

unfair business practices; and (4) violation of California Labor Code § 2698, *et seq.*, under the Private Attorneys General Act ("PAGA"). *Id.*

Shortly after the matter was removed, defendant filed a motion to compel arbitration, ECF No. 4, and the matter was fully briefed on April 6, 2026, ECF No. 10. Additionally, both parties consented to magistrate judge jurisdiction, and this action has been reassigned to the undersigned. ECF No. 8.

<u>Background</u>

Plaintiff worked as a non-exempt, hourly employee as a Store Manager for defendant starting in 2023 and up until May 2025. ECF No. 12 at 27. Defendant is a "retailer of new and pre-owned video games, systems, accessories, and entertainment computer software." ECF No. 4-2 at 2.

As part of plaintiff's onboarding with defendant, he was presented with defendant's Concerned Associates Reaching Equitable Solutions ("C.A.R.E.S.") Rules of Dispute Resolution Program Including Arbitration ("C.A.R.E.S. Program") and Handbook. *Id.* Plaintiff accessed the C.A.R.E.S. Program through defendant's electronic employee portal, Workday, using a unique username and password. *Id.* Workday prompted plaintiff to "review the Handbook and C.A.R.E.S. Program, along with other onboarding documents, then acknowledge his receipt and review of it." *Id.* On October 7, 2023, plaintiff electronically signed an E-Signature Consent at 12:41 p.m. CST and "at 1:12 p.m. CST, while logged into Workday, Plaintiff confirmed that he read, understood, and agreed with the provisions of the C.A.R.E.S. Program by electronically signing and agreeing to the C.A.R.E.S. Program signature statement." *Id.* at 3.

The C.A.R.E.S. Program requires that all covered claims arising from employment be resolved through binding individual arbitration and expressly prohibited class, collective, or representative action claims in any forum. *Id.* at 8-9. California employees, such as plaintiff, were given a 60-day opt-out period.[1] *Id.* at 13. Plaintiff did not exercise this right.

---

[1] Deadline for Filing Notice of Intent to Arbitrate

> Your Notice of intent to Arbitrate should be submitted within thirty (30) calendar days of the date of the decision at Step 2, or within

Legal Standard

Congress created the Federal Arbitration Act ("FAA") to "overrule the judiciary's longstanding refusal to enforce agreements to arbitrate . . . . and place such agreements upon the same footing as other contracts." *Volt Info. Scis, Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 474 (1989). Under the FAA, a party to a valid arbitration agreement may "petition any United States district court . . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. In weighing whether an arbitration agreement should be enforced, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

"Under California law, the party opposing arbitration bears the burden of proving that the arbitration provision is unenforceable." *Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 426 (N.D. Cal. 2018) (citing *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1149 (2013)). An arbitration agreement may be invalidated upon the same grounds as any other contract. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 98 (2000). For an agreement to be unenforceable, it "must be both procedurally and substantively unconscionable at the time it was made." *Lang*, 347 F. Supp. 3d at 427 (citing *Armendariz*, 24 Cal. 4th at 114).

---

> sixty (60) days of submitting the Request for Internal Review if no decision is received. If you have pursued a claim with the EEOC or an equivalent state agency, you must file your Notice of Intent to Arbitrate within 95 days after the date on the "Notice of Right-to-Sue" letter. The Notice of Intent to Arbitrate must be received within the time period allowed by law applicable to the Covered Claim at issue, just as the requirement applies if you were proceeding in court. This is commonly referred to as a statute of limitations and is the period of time that is provided by law for bringing a claim. If you do not timely initiate Step 3, Notice of Intent to Arbitrate, the right to pursue the Covered Claim and have the dispute heard by an arbitrator will be lost.

*Id.* at 13.

Discussion

There is no real dispute as to whether the parties entered into an arbitration agreement or whether the agreement encompasses the dispute at issue. As part of plaintiff's onboarding paperwork for employment, plaintiff was required to sign various documents, including the arbitration agreement. ECF No. 4-2 at 25. On October 7, 2023, plaintiff electronically signed the arbitration agreement. *Id.* Accordingly, an arbitration agreement exists between the parties. Further, the agreement includes an "agreement to arbitrate pursuant to the Federal Arbitration Act. . . ." and that arbitration applies to any "Covered Claim." *Id.* at 8-9. Covered Claims include violations of statutory law "arising out of or in any way relating to the employee's employment [or] the terms or conditions of employment . . . ." *Id.* at 9. Plaintiff's claims arise out of plaintiff's employment, and thus the arbitration agreement encompasses the dispute.[2] *See* ECF No. 12 at 31-34. The crux of plaintiff's argument is that the agreement is unenforceable and unconscionable. ECF No. 9 at 14. The court will address both arguments in turn.

Plaintiff first argues that the agreement is unenforceable because it is procedurally and substantively unconscionable. *Id.* at 14. He argues with respect to procedural unconscionability that the agreement was a "non-negotiable contract of adhesion presented to Plaintiff on a take-it-or-leave-it basis during the onboarding process." ECF No. 9 at 15. Not so. Courts have held that an arbitration agreement is "not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis." *Lang*, 347 F. Supp. 3d at 427 (quoting *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1127 (1999)). Indeed, "the California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261 (9th Cir. 2017). Rather, that court has held that "if an employee must sign a non-negotiable employment agreement as a condition of employment but 'there is no other indication of oppression or surprise,' then 'the

---

[2] The agreement lists claims excluded from its coverage. *See* ECF No. 4-2 at 10. Plaintiff does not argue that any of his claims are excluded. *See* ECF No. 12.

agreement will be enforceable unless the degree of substantive unconscionability is high.'" *Id.* (quoting *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013)).

As to plaintiff's argument that the opt-out provision was buried within a lengthy document fraught with legalese, "[a] cardinal rule of contract law is that a party's failure to read a contract, or to carefully read a contract, before signing it is no defense to the contract's enforcement." *See Desert Outdoor Advert. v. Superior Ct.*, 196 Cal. App. 4th 866, 872 (2011). Plaintiff's claim that there was an element of surprise is also unjustifiable because the GameStop C.A.R.E.S's document lists "Arbitration" on the cover page in large font, the document uses standard font size throughout, and the Summary Description provides a step-by-step process dispute resolution process that specifically includes arbitration. ECF No. 4-2 at 6. There was no indication of oppression or surprise, and plaintiff does not claim that he was "lied to, placed under duress, or otherwise manipulated into signing the arbitration agreement. *See Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245 (2016). Accordingly, plaintiff does not establish that the arbitration agreement is procedurally unconscionable.

Regarding substantive unconscionability, plaintiff argues that the agreement includes a wholesale waiver of Private Attorneys General Act ("PAGA") claims,[3] lacks all relief otherwise available in court, and lacks true mutuality. ECF No. 9 at 16-17. The Supreme Court of California has held that the arbitration of statutory rights is lawful where the arbitration agreement: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Armendariz*, 24 Cal. 4th at 102 (internal citation omitted).

---

[3] Plaintiff's argument that the agreement includes a "wholesale" waiver of PAGA claims is not supported because the agreement does not bar individual PAGA claims, which are severable and arbitrable. *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022). Accordingly, plaintiff's contention that such waiver violates California public policy is also not supported.

Here, the arbitration agreement meets these requirements and thus affords plaintiff the ability to vindicate his statutory rights. *See* ECF No. 4-2 at 6-23. The C.A.R.E.S. Program provides for a neutral arbitrator, *id*. at 7, 16, more than minimal discovery, *id*. at 17, a written decision including reasoning, *id*. at 18-19, application of the relevant state or federal law without enlarging upon or subtracting from those legal rights, *id*. at 19, and does not require the employee to pay any fees or expenses, *id*. at 15. Accordingly, plaintiff does not establish that the agreement is substantively unconscionable.

Therefore, plaintiff has failed to satisfy his burden of proving that the arbitration agreement is unenforceable, and defendants' motion to compel arbitration will be granted. *See Lang*, 347 F. Supp. 3d at 426.

As part of their motion to compel arbitration, defendants ask that the court stay the non-individual representative PAGA claims pending resolution of arbitration. ECF No. 16 at 21. That request is granted. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

Lastly, the agreement includes a valid waiver of class action claims. ECF No. 4-2 at 8 ("A person covered by these Rules may not participate as a class or collective action representative or a class, collective or REPRESENTATIVE action member or be entitled to a recovery from a class, collective or REPRESENTATIVE action."). Plaintiff's argument that the class action waiver rests entirely on the misplaced position that the agreement contains a wholesale waiver of representative PAGA claims. As discussed above, this is not supported where the C.A.R.E.S. Program does not bar individual PAGA claims. The court also need not address plaintiff's "poison pill" argument because the class action waiver is enforceable.

Accordingly, it is ORDERED that:

1. Defendant's motion to compel arbitration, ECF No. 4, is GRANTED, and plaintiff is compelled to arbitrate his individual claims, and this case is STAYED with respective to plaintiff's non-individual representative PAGA claims.

2. Defendant's motion to dismiss plaintiff's putative class claims, ECF No. 4, is GRANTED.

3. The parties shall file a joint status report every ninety days apprising the court of the status of arbitration.

IT IS SO ORDERED.

Dated: July 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE